**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
<u>Plaintiff-Appellee,</u>

v.                                                                                No. 98-4011

ROY LEE JONES,
<u>Defendant-Appellant.</u>

Appeal from the United States District Court
for the District of South Carolina, at Spartanburg.
William B. Traxler, Jr., District Judge.
(CR-92-408)

Submitted: September 29, 1998

Decided: October 22, 1998

Before ERVIN and WILKINS, Circuit Judges, and
PHILLIPS, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

C. Timothy Sullivan, Greenville, South Carolina, for Appellant.
David Calhoun Stephens, Assistant United States Attorney, Green-
ville, South Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

**OPINION**

PER CURIAM:

Roy Lee Jones pled guilty to four counts of distribution of cocaine base, in violation of 21 U.S.C. § 841(a)(1) (1994); one count of possession with intent to distribute cocaine base, in violation of 21 U.S.C. § 841(a)(1); and one count of using or carrying a firearm during a drug trafficking offense, in violation of 18 U.S.C.A. § 924(c)(1) (West Supp. 1998). He was sentenced to 151 months imprisonment on each drug count, to run concurrently, and 60 months on the firearms charge, to run consecutively, for a sentence of 211 months. Jones did not appeal.

In 1996, Jones filed a motion to vacate, set aside or correct his sentence, pursuant to 28 U.S.C.A. § 2255 (West 1994 & Supp. 1998). He alleged that counsel was constitutionally ineffective for several reasons, and asserted that his firearms conviction was invalid in light of Bailey v. United States, 516 U.S. 137 (1995). The Government conceded that the firearms conviction should be vacated, but opposed the ineffective counsel claims. The case was referred to a magistrate judge pursuant to 28 U.S.C. § 636(b) (1994). The magistrate judge found that the ineffective counsel claims lacked merit. Although warned of the consequences, Jones failed to object to the report of the magistrate judge.

The district court adopted the report, and ordered Jones's 18 U.S.C. § 924(c)(1) conviction vacated and a revised presentence report prepared. Counsel was appointed to represent Jones. At resentencing, counsel for Jones noted that Jones believed enhancement of his sentence based on his prior state court convictions constituted double jeopardy. The district court overruled the objection, and sentenced Jones to 151 months on each of the five drug counts, to be served concurrently, to be followed by three years supervised release. Jones appeals.

Counsel for Jones has filed a brief in accordance with Anders v. California, 386 U.S. 738 (1967). Counsel states that there are no meritorious grounds for appeal, but raises the claim asserted by Jones at resentencing: whether use of Jones's prior state convictions to

2

enhance his federal sentence violates his rights against double jeopardy. Jones, informed of his right to file a supplemental brief, has done so.

Increasing the sentencing of a federal defendant based on his distinct prior offenses does not pose a double jeopardy issue. United States v. Ambers, 85 F.3d 173, 178 (4th Cir. 1996). See also Monge v. California, ___ U.S. ___, 66 U.S.L.W. 4628 (U.S. June 26, 1998) (No. 97-6146) (double jeopardy principles are inapplicable to sentencing proceedings). Therefore, this claim lacks merit.

In his supplemental brief, Jones seeks to raise the ineffective counsel claims he asserted in his § 2255 motion. As he failed to file objections to the report of the magistrate judge despite a timely warning to do so, Jones failed to preserve his right to appellate review of the district court judgment adopting the report of the magistrate judge. Wright v. Collins, 766 F.2d 841, 845 (4th Cir. 1985); see Thomas v. Arn, 474 U.S. 140, 155 (1985).

As required by Anders, we have independently reviewed the entire record in this case and find no reversible error. We therefore affirm Jones's sentence. This court requires that counsel inform his client in writing of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and oral argument would not aid the decisional process.

AFFIRMED

3